Opinion of the Court was deliveredIn this case it appears that Ebenezar Titus, a non-resident, commenced a suit in chancery against the plaintiffs in this motion, in the Green circuit court; which suit has been removed by change of venue, to Warren circuit. That at the commencement of the suit, John Emmerson lodged in the clerk’s office the following bond for costs :
Know all men by these presents, that I, John Em-merson, am held and firmly bound unto James Allin, the sheriff, or other officer of Green circuit court, in the penal sum of 50/. current money ; for the true payment whereof to be made to the said officers, he binds himself^ his heirs, &c. firmly by these presents — Sealed with my ?eal, and dated this 27th day of January 1807. The *173 condition is such, that whereas Ebetiezar Titus, a rest-(dent of another state, hath instituted a suit in chancery against John Hutcheson and Andrew Barnett in said court: now if the said John Emmerson shall pay all costs which shall accrue in said suit, which the said Titus would be liable to pay, fromlaw and the judgment of the court; then this obligation to be void, else to remain in full force.
Cut if before it be difmiffed* a bond condi-' tioned to pay* the cofts which have accrued & whit-h may accrue be given, it is fufficient.
nghtfecured by-be*iío otherre! medy provitM If the decifi-on of a court would deprive a party of a b/ law> ,a "f”damns will lie.
See anonymous, <™e H9-
(Signed) “John Emmerson, (l. s.)
“ Tester — James Allin.’’
That while the suit was pending in the Green circuit court, Barnett objected to the bond, as insufficient; and moved to quash and set it aside, because the penalty of it was given to the clerk and other officers of the court only, and not to Barnett and Hutcheson also ; and because it was only executed by Emmerson, and not by Titus, the plaintiff. These objections were overruled by the court, and the bond held good : to which opinion, a bill of exceptions was taken, which is the foun-j Ta-l* * dation or thi§ motion.
Upon mature consideration of the act of assembly, passed in the year 1796 (a), on this subject, this court is of opinion, that from the sound construction of the act, and from the reason of the case, the bond is insufficient for the first cause alleged. The defendants in the suit are in no way made parties to the bond ; nor is it expressed, either in the penalty or the condition, to be for their use, as well as the officers of the court. They could not, therefore, in a court of law, which is governed by rigid rules, sue and recover on this bond, the costs that might be adjudged them against the complainant. The bond ought to have been executed to the defendants in the suit, and ought regularly to have been conditioned, as well for the payment of their costs, as the costs of the officers of the court. The defendants in the suit, for this cause,had arighttohavethebond quashedand set aside.
On the second point, the court is of opinion that giving the act of assembly a reasonable construction, it was not necessary the bond should be executed by the complainant ; for he would have been no farther bound thereby for the costs, than by the judgment of the court. And it would be highly inconvenient to require the principal in all cases to execute the bond, when no valuable purpose could be answered thereby.
*174 The trae spirit of the law requiring security, is fulfil-, led hy the bond being executed by the (resident) security alone.
The object of the legislature was to furnish the resident defendant with a proper security for the costs of a suit brought against him by a non-resident, in the incipient stage of the case, before the costs are incurred. And this intention ought to be carried into effect specifically ; otherwise the defendant would be without remedy, whether he was successful ór unsuccessful in the suit.
If successful, he could not, because the court below had denied him a collatteral or intermediate right, reverse the final judgment, rendered iff his own favor, by appeal or writ of «error. And though, if unsuccessful, he might possibly reverse the j udgmefft for this collateral intermediate error, in the incipient stage of the cause, yet such reversal would not give him relief as to the security for costs ; for he would still be without security for either those incurred in the original or appellate court,
The circuit court having by their erroneous decision in this case, deprived a party of a right secured to him by a positive act of the legislature, for which the law has furnished him with no other remedy, this court is. of opinion that a mandamus is the proper remedy.
But as the suit has. been removed to Warren circuit court, although the rights of the parties ought not to be materially changed thereby, yet as the judges of that court have not themselves refused to do right, a peremptory mandamus ought not to go in the first instance ; for it maybe, that a good bond for costs may have been given smce the removal of the cause to Warren circuit; or a motion may have been made in that court, and the bond quashed ; or that the party might now offer a sufficient bond, securing costs which, heretofore have accrued, and whjch may hereafter accrue.
Mandamus awarded, commanding Warren circuit court to quash the said bond for costs, and dismiss the complainant’s suit, for,want of security for costs, or shew cause why they have not dismissed the said suit.*

 Añs of *79fi-7> p' 1 Brad*

 See Wbeelen & Co. vs. Kirtley,poft.